**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus C. Briones,                     ) | No. CV 1-08-768-SRB |
|                           Plaintiff,  ) | **ORDER** |
| vs.                                   ) | |
| Warden Anthony Hedgpeth,               ) | |
|                           Defendant.  ) | |

Plaintiff Jesus C. Briones, who is confined in the Kern Valley State Prison (KVSP) in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1). On October 14, 2009, the Court dismissed the Complaint with leave to amend (Doc. # 7). Plaintiff has filed a First Amended Complaint (Doc. # 8). The Court will dismiss the action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

1 **II.   First Amended Complaint and Failure to State a Claim**

2      Plaintiff names as Defendants KVSP Warden Anthony Hedgpeth, Assistant Warden
3 J. Cust, and Facility Captain J. Hamlin (Doc. # 8 at 1).

4      Plaintiff presents one claim for relief: on April 14, 2008, KVSP staff conducted
5 interrogations pursuant to a criminal investigation.  Plaintiff was instructed to exit his cell
6 and submit to an interview; Plaintiff stated that he wished to remain silent.  The Corrections
7 Officer stated that if Plaintiff did not submit to an interview he would receive a serious rules
8 violation report.  The officer insisted that Plaintiff exit his cell and submit to an interview.
9 Plaintiff agreed to be interviewed and was taken to an office with an "officer dominated
10 atmosphere" and was forced to sit backwards in a chair.  Plaintiff was asked a series of eight
11 incriminating questions, to which Plaintiff responded that he wished to remain silent.
12 Plaintiff was left in the office for four minutes and was then returned to his cell.  Plaintiff
13 alleges he was denied his right to remain silent.

14      Plaintiff's claim fails because the interview he underwent was not a criminal
15 proceeding that would implicate the Fifth Amendment privilege against self-incrimination.
16 See Fulton v. LaMarque, 2008 WL 901860, * 5 (N.D. Cal. March 31, 2008) (citing Baxter
17 v. Palmigiano, 425 U.S. 308, 316 (1976)).  Consequently, Plaintiff's claim must be
18 dismissed.

19 **IV.   Dismissal without Leave to Amend**

20      As no claim remains, the Court will dismiss the First Amended Complaint and this
21 action.  Leave to amend need not be given if a complaint as amended is subject to dismissal.
22 Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's
23 discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously
24 been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United
25 States, 90 F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous
26 amendments is one of the factors to be considered in deciding whether justice requires
27 granting leave to amend.  Moore, 885 F.2d at 538.  The Court has reviewed the First

28

Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   The First Amended Complaint (Doc. # 8) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 10th day of December, 2009.

_____
Susan R. Bolton
United States District Judge